<div style="text-align:center">

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

</div>

| | |
|---|---|
| WELLS FARGO BANK, | No. C 12-4065 SI |
| Plaintiff, | **ORDER REMANDING ACTION TO SAN MATEO COUNTY SUPERIOR COURT** |
| v. | |
| MICHELE E. LAMIRANDE, | |
| Defendant. | |

On August 2, 2012, *pro se* defendant Michele Lamirande removed this unlawful detainer action from state court. On August 16, 2012, the Court issued an Order to Show Cause Why Case Should Not be Remanded to State Court for Lack of Jurisdiction.

On August 27, 2012, defendant filed a response to the Order to Show Cause. Defendant asserts that this Court has jurisdiction because defendant's recently filed counterclaim alleges claims under federal law. However, removal jurisdiction is subject to the well-pleaded complaint rule, meaning that the basis for removal jurisdiction must be evident from the complaint. *See Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for So. California*, 463 U.S. 1, 9-12 (1983) (discussing well-pleaded complaint rule). The Supreme Court has held that "the well-pleaded complaint rule, properly understood, [does not] allo[w] a counterclaim to serve as the basis for a district court's 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc*., 535 U.S. 826, 830 (2002).

Case 3:12-cv-04065-SI   Document 17   Filed 08/28/12   Page 2 of 2

Accordingly, the Court concludes that there is no basis for jurisdiction. The Court REMANDS this action to the Superior Court for the County of San Mateo. All pending motions are DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: August 28, 2012

SUSAN ILLSTON
United States District Judge

2